[ ] AMENDED

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

---

**In re:**                                                                                     **Case No.** 19-20060

   DIANNE BURNS
**Debtor(s).**                                                                                **Chapter 13**

---

**CHAPTER 13 PLAN**

---

**ADDRESS:**  (1) 991 OAKVIEW                                 (2) _____
              Memphis, TN 38114                                  _____

**PLAN PAYMENT:**

   **DEBTOR (1)** shall pay $ 400_____   ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or (✓) monthly, by:

   (✓) **PAYROLL DEDUCTION** from: _____   **OR**   (✓) **DIRECT PAY**.

   **DEBTOR (2)** shall pay $ _____   ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

   ( ) **PAYROLL DEDUCTION** from: _____   **OR**   ( ) **DIRECT PAY**.

1. **THIS PLAN [Rule 3015.1 Notice]:**

   (A) **CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]**           ( ) YES  (✓) NO

   (B) **LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF THE**      ( ) YES  (✓) NO
       **COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]**

   (C) **AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].**         ( ) YES  (✓) NO

2. **ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. **AUTO INSURANCE:** ( ) Included in Plan; **OR** ( ) Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

4. **DOMESTIC SUPPORT:** Paid by: ( ) Debtor(s) directly, ( ) Wage Assignment, **OR** ( ) Trustee to:     Monthly Plan Payment:

   _____; ongoing payment begins _____   $ _____
                    Approximate arrearage: _____            $ _____
   _____; ongoing payment begins _____   $ _____
                    Approximate arrearage: _____            $ _____

5. **PRIORITY CLAIMS:**
   _____   Amount: _____           $ _____
   _____   Amount: _____           $ _____

6. **HOME MORTGAGE CLAIMS:** ( ) Paid directly by Debtor(s); **OR** ( ) Paid by Trustee to:

   WELLS FARGO_____; ongoing payment begins 4/1/19_____       $ 258.58_____
                    Approximate arrearage: 1,800_____   Interest 0_____%      $ 30_____
   _____; ongoing payment begins _____     $ _____
                    Approximate arrearage: _____   Interest _____%     $ _____

7. **SECURED CLAIMS:**
   [Retain lien 11 U.S.C. §1325 (a)(5)]        Value of Collateral:    Rate of Interest:    Monthly Plan Payment:
   _____            _____    _____%       $ _____
   _____            _____    _____%       $ _____
   _____            _____    _____%       $ _____

8. **SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

   [Retain lien 11 U.S.C. §1325(a)]      Value of Collateral:      Rate of Interest:      Monthly Plan Payment:
   _____        _____            _____%            $ _____
   _____        _____            _____%            $ _____
   _____        _____            _____%            $ _____

9. **SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**
   _____   Collateral: _____
   _____   Collateral: _____

10. **SPECIAL CLASS UNSECURED CLAIMS:**

    Amount:                Rate of Interest:     Monthly Plan Payment:
    _____   _____   _____%   $ _____
    _____   _____   _____%   $ _____
    _____   _____   _____%   $ _____

11. **STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**
    _____   ( ) Not provided for   **OR**   ( ) General unsecured creditor
    _____   ( ) Not provided for   **OR**   ( ) General unsecured creditor

12. **THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**
    _____
    _____

13. **ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

14. **ESTIMATED TOTAL GENERAL UNSECURED CLAIMS:** _____.

15. **THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

    ( ) _____%, **OR,**

    (✓) **THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.**

16. **THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**
    _____   ( ) Assumes   **OR**   ( ) Rejects.
    _____   ( ) Assumes   **OR**   ( ) Rejects.

17. **COMPLETION:** Plan shall be completed upon payment of the above, approximately  60   months.

18. **FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

19. **NON-STANDARD PROVISION(S):**
    _____
    _____
    _____.

    **ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**

20. **CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**


 /s/Thomas C. Fila_____   DATE:  1/8/19_____.
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**